**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NOEL DEAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-1644** |
| **HOWARD PRINCE, WARDEN** | **SECTION: "R"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY**[1]

On July 6, 1999, following trial by jury in Orleans Parish Criminal District Court, petitioner, Noel Dean, was found guilty of armed robbery, attempted simple robbery, and attempted manslaughter. On July 16, 1999, the trial court sentenced Dean to serve thirty years at hard labor with credit for time served on the armed robbery conviction. Dean was sentenced to serve three years at hard labor with credit for time served on the attempted simple robbery conviction. On the attempted manslaughter conviction, the trial judge sentenced Dean to twenty years at hard labor with credit for time served. The sentences were to be served concurrently. Thereafter, Dean was adjudicated to be a second-felony offender. As a result of his multiple-offender adjudication, Dean's thirty-year sentence on his armed robbery conviction was vacated. Dean was resentenced, in connection with his armed robbery conviction, to fifty years imprisonment, with credit for time served, to run concurrently with Dean's other sentences.

On March 14, 2001, the Louisiana Fourth Circuit Court of Appeal affirmed Dean's convictions, amended Dean's sentence on the

---

[1]A portion of the above procedural history was obtained from the Louisiana Fourth Circuit Court of Appeal's opinion, State v. Dean, No. 2000-KA-0199, 789 So.2d 602 (La. App. 4 Cir. 2001).

attempted simple robbery conviction to delete a prohibition against probation, parole or suspension of sentence, and affirmed Dean's sentences on his remaining convictions. State v. Dean, No. 2000-KA-0199, 789 So.2d 602 (La. App. 4 Cir. 2001). Approximately one year later, on March 15, 2002, the Louisiana Supreme Court denied Dean's writ application. State v. Dean, No. 2001-KO-1177, 811 So.2d 897 (La. 2002). Ninety days later, on June 13, 2002, Dean's convictions and sentences became final when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000), citing 28 U.S.C. §2244(d)(1)(A)); see also United States v. Gamble, 208 F.3d 536 (5th Cir. 2000).

Following the finality of his convictions, Dean did not seek state post-conviction relief. It was not until March 17, 2008, when he filed the instant federal habeas corpus petition, that Dean sought relief in connection with his state court convictions.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[2] a petitioner has one year within which to bring his

---

[2]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

habeas corpus claims pursuant to 28 U.S.C. §2254.  This one-year period generally commences to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A) (West 2009).  Dean's time for seeking direct review expired on June 13, 2002.  Thus, under the clear language of the statute, Dean had a year from that date, until June 13, 2003, to timely seek federal habeas corpus relief.

The instant action was not filed until March 17, 2008, almost five years after prescription expired.  Thus, this action must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. §2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, Dean did not file any state post-conviction or collateral review proceedings.  Accordingly, the instant matter is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'"  <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999), <u>quoting</u> <u>Davis v. Johnson</u>, 158 F.3d 806 (5th Cir 1998), <u>cert.</u>

4

<u>denied</u>, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999), <u>citing</u> <u>Rashidi v. American President Lines</u>, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of §2254 relief. <u>Coleman</u>, 184 F.3d at 403.

Dean offers no basis for equitably tolling prescription nor has this Court's review of the record uncovered any such basis. Accordingly;

**<u>RECOMMENDATION</u>**

It is hereby **RECOMMENDED** that Dean's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v.</u>

<u>United Services Auto. Ass'n</u>, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 6th day of _____July_____, 2009.


ALMA L. CHASEZ
United States Magistrate Judge